UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS FLAUGHER,

Plaintiff,

v.

SAN FRANCISCO HOUSING,

Defendant.

Case No.  17-cv-00727-DMR

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITH LEAVE TO AMEND**

Plaintiff Douglas Flaugher ("Plaintiff") filed a Complaint [Docket No. 1]; Application to Proceed *In Forma Pauperis* ("IFP Application") [Docket No. 2]; and a Motion to Appoint Counsel [Docket No. 4] on February 14, 2017.  The court grants the IFP Application, dismisses the complaint with leave to amend, and denies the motion to appoint counsel.[1]

## I.   BACKGROUND

Plaintiff is a mentally disabled individual who either is or was homeless.  *See* Compl. at 6. Defendants are Community Housing Partnership in San Francisco, CA, an organization that provides affordable housing to homeless individuals, and four DOE defendants whom Plaintiff describes as follows: Doe 1[2] is an individual who works at the Community Housing Partnership,

---

[1]  A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case.  *See* 28 U.S.C. § 636(c)(1).  Plaintiff indicated on page 7 of the Complaint that he consents to magistrate judge jurisdiction.  *See* Compl. at 7.  In cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'"  *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

[2]  The Complaint names four individual "Jon Doe" defendants.  For ease of reference, the court labels each as Doe 1, Doe 2, Doe 3, and Doe 4.

United States District Court
Northern District of California

and Does 2 through 4 are "leaders or representatives" of unnamed organizations that provide affordable housing to homeless and/or mentally disabled individuals in San Francisco. *See* Compl. at 4-5.   Plaintiff filed the instant action alleging three claims for violations of the Eighth Amendment against Defendants arising out of their denial of his applications for affordable housing. *See* Compl. at 3-5

Plaintiff alleges that he applied for affordable housing with Community Housing Partnership and other unnamed affordable housing organizations, and was put on a waiting list for housing. *See* Compl. at 3; Community Housing Partnership Housing Application (Exs. D-F to Compl.); Project Homeless Connect Participant Action Plan (Exs. H and I to Compl.); *see also* Fed. R. Civ. P. 10(c) (exhibits attached to the complaint are part of the complaint).   According to Plaintiff, after he had been on the waiting list for two years, , Doe 1 abandoned and denied Plaintiff's applications for prejudicial and discriminatory reasons. *See* Compl. at 3.   Plaintiff further alleges that Does 2 through 4 kept Plaintiff homeless by approving drug addicts, alcoholics, and undocumented immigrants for affordable housing instead of Plaintiff. *See* Compl. at 4-5.   As a result, Plaintiff alleges that he suffered damages to his mental health, lost opportunities for "financial [sic] and education," and had thousands of dollars stolen from him by drug addicts while he was homeless. *See* Compl. at 3-4.   Plaintiff seeks compensatory and punitive damages totaling over 20 million dollars, and injunctive relief. *See* Compl. at 7.

## II.   DISCUSSION

### A.        IFP Application

Having evaluated Plaintiff's financial affidavit, the court finds that Plaintiff has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore grants the IFP Application.

### B.        Review of Complaint

In reviewing an application to proceed *in forma pauperis*, courts may dismiss a case sua sponte if the party applying for *in forma pauperis* status files a frivolous action or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis

for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

### C.   Section 1983 and State Actor

Plaintiff pleads three claims for violations of the Eighth Amendment. *See* Compl. at 3-5. However, Plaintiff "has no cause of action directly under the United States Constitution." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Instead, "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Id*. Therefore, the court construes Plaintiff's Eighth Amendment claims as one claim under 42 U.S.C. § 1983 for violations of the Eighth Amendment. *See Moore v. Corizon Health Servs*., No. 16-CV-04195-DMR, 2017 WL 396170, at *1, n.1 (N.D. Cal. Jan. 30, 2017) (construing a pro se plaintiff's Eighth and Fourteenth Amendment claims as two separate claims under section 1983 for violations of the Eighth and Fourteenth Amendment).

Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights

elsewhere conferred." *Nunn v. LeBlanc*, No. C 14-0905 PJH, 2014 WL 1089551, at *3 (N.D. Cal. Mar. 17, 2014), *aff'd sub nom. Nunn v. Le Blanc*, 627 F. App'x 610 (9th Cir. 2015) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

"'[A]cting under color of state law' requires that the defendant in a section 1983 action have exercised power possessed by virtue of state law and made possible only because the defendant is clothed with the authority of state law." *McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir. 2000) (citing *West*, 487 U.S. at 48). "Generally, private individuals and entities cannot be held liable under section 1983, because this section 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *I.H. by & through Hunter v. Oakland Sch. for the Arts*, No. 16-CV-05500-SI, 2017 WL 565069, at *3 (N.D. Cal. Feb. 13, 2017) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted)).

A private individual can "be liable under section 1983 if she conspired or entered joint action with a state actor." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). "That is, action taken by private individuals or organizations may be under color of state law if 'there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Nunn,* 2014 WL 1089551, at *4 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295–96 (2001)). "To state a claim for conspiracy to violate one's constitutional rights under section 1983, [a] plaintiff must [allege] specific facts to support the existence of the claimed conspiracy." *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). To allege a conspiracy, a plaintiff must allege facts showing "an agreement or meeting of the minds to violate constitutional rights." *Franklin*, 312 F.3d at 441 (citations and internal quotation marks omitted).

Applying these principles, the court dismisses Plaintiff's section 1983 claim because

4

Defendants do not appear to be state actors.  According to its website, Defendant Community Housing Partnership is a non-profit organization that provides affordable housing to homeless individuals, *see* https://www.chp-sf.org/about/mission-core-values/ (last accessed on March 13, 2017)[3], and Does 1 through 4, as described in the Complaint, appear to be private individuals who work for various non-profit affordable housing organizations in San Francisco.  Furthermore, there are no allegations that Defendants conspired or entered into joint action with a state actor, which would subject them to liability under section 1983 despite the fact that they may be private individuals and a private entity.

However, since it is not entirely clear that amendment would be futile, the court grants Plaintiff leave to amend to file a first amended complaint.  *See Akhtar*, 698 F.3d at 1212; *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs.") (citation and internal quotation marks omitted); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

Although the court could dismiss Plaintiff's section 1983 claim solely on the ground that Defendants do not appear to be state actors, the court will analyze whether Plaintiff has stated a claim for a violation of the Eighth Amendment.

### 1. Eighth Amendment

The Eighth Amendment proscribes cruel and unusual punishment.  *See* U.S. Const. amend. VIII.  It "does not apply prior to a formal adjudication of guilt." *Drayton v. Beck*, No. CV 13-05041-SJO DFM, 2013 WL 5487025, at *4 (C.D. Cal. Sept. 27, 2013) (citing *Ingraham v. Wright*,

---

[3]  While the court suspects that the unnamed affordable housing organizations are those listed by Plaintiff in his Claim Form filed with the City and County of San Francisco, *see* Claim Form (Ex. C to Compl.), i.e. Tenderloin Housing, Mercy Housing, and Project Homeless Connect, Plaintiff only named Community Housing Partnership as a defendant.  To the extent that Plaintiff intends to allege claims against these housing affordable housing organizations, Plaintiff may do so in his amended complaint so long as the amended complaint addresses the deficiencies discussed in this order.

430 U.S. 651, 671 n.40 (1977).  Eighth Amendment claims "generally do not survive outside the criminal context." *Kaplan v. Cal. Pub. Emps' Ret. Sys.*, No. C 98-1246 CRB, 1998 WL 575095, at *7 (N.D. Cal. Sept. 3, 1998), *aff'd*, 221 F.3d 1348 (9th Cir. 2000); *see also Ingraham*, 430 U.S. at 667–68 ("In the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable."); *Belton v. Wheat*, No. C 95-3311 MMC, 1996 WL 40236, at *5 (N.D. Cal. Jan. 22, 1996), *aff'd*, 131 F.3d 145 (9th Cir. 1997) (dismissing pro se plaintiff's Eighth Amendment claim because "he does not allege that the acts he claims constituted 'cruel and unusual punishment' occurred in connection with criminal process--arrest, pre-trial detention, or incarceration following conviction").

Plaintiff has failed to state an Eighth Amendment claim because the act that is the basis for Plaintiff's Eighth Amendment claim, i.e., the denial of his affordable housing applications, did not occur in connection with criminal process, i.e. arrest, pre-trial detention, or incarceration after a conviction. *See* Compl. at 3-5.  Since it is clear that there could be no violation of the Eighth Amendment under the facts pled in Plaintiff's Complaint, the court dismisses Plaintiff's Eighth Amendment claim without leave to amend.

### D.  Equal Protection

Plaintiff alleges that Defendants denied his housing applications for prejudicial and discriminatory reasons. *See* Compl. at 3.  Liberally construing this allegation, as this court must, Plaintiff appears to be alleging a section 1983 equal protection claim.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To state a claim under 42 U.S.C. section 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998).  "Intentional discrimination means that a

1  defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345

2  F.3d 1071, 1082 (9th Cir. 2003) (emphasis in original) (citation and internal quotation marks

3  omitted).

4       Plaintiff has failed to state a section 1983 equal protection claim because he had not

5  alleged facts showing that he is a member of a protected class or that Defendants acted with an

6  intent or purpose to discriminate against Plaintiff based on his membership in a protected class.

7  The court therefore dismisses Plaintiff's section 1983 equal protection claim, but grants Plaintiff

8  leave to amend.

9       **E.    Fair Housing Act**

10       Plaintiff also appears to be alleging a claim under the Fair Housing Act ("FHA"), 42

11  U.S.C. § 3604 *et seq*. based on his allegation that Defendants denied his housing applications for

12  prejudicial and discriminatory reasons.  *See* Compl. at 3.

13       The Fair Housing Act of 1968, 42 U.S.C. § 3601, *et seq*., "broadly prohibits discrimination

14  in housing . . . . " *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979).  Specifically, §

15  3604(b) and (f) prohibit discrimination "against any person in the terms, conditions, or privileges

16  of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith,

17  because of race, color, religion, sex, familial status . . . national origin"  or handicap."  42 U.S.C. §

18  3604(b), (f)(2).  "To state a discrimination claim under the FHA, the plaintiff must establish a

19  prima facie case by alleging facts that: (1) plaintiff's rights are protected under the FHA; and (2) as

20  a result of defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable

21  injury."  *See Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1119 (N.D. Cal. 2011)

22  (citing *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999)).

23       Plaintiff has failed to state a FHA claim because while Plaintiff states that he is disabled,

24  he has not alleged that his disability was the basis for the discrimination, and if so, how

25  Defendants discriminated against him on the basis of his disability in connection with the denial of

26  his housing applications.  *See* 42 U.S.C. §§ 3601(b), (f)(2).  His current allegation, i.e., that

27  Defendants discriminated against him, is entirely conclusory.  Therefore, the court dismisses

28  Plaintiff's FHA claim, but grants Plaintiff leave to amend.

**F.    Rule 8**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff's Complaint states conclusions, but has very few supporting facts. The Complaint only alleges that Plaintiff submitted housing applications to Defendants and other affordable housing organizations, which were abandoned and/or denied for prejudicial and discriminatory reasons. Plaintiff fails to name the other housing organizations he applied to, or state when he applied to these organizations, when his applications were denied, the reasons given for their denials, and why he believes that Defendants discriminated or were prejudiced against him.

To comply with Rule 8's pleading requirement, Plaintiff's amended complaint must allege facts such as those discussed herein, not legal conclusions.

**G.    Request for Discovery**

In his Complaint, Plaintiff appears to request leave to conduct discovery for the purposes of investigating additional claims. *See* Compl. at 3-5 ("motion for discovery" for additional or other violated rights). The court denies Plaintiff's request as premature since Plaintiff has not yet

United States District Court
Northern District of California

United States District Court
Northern District of California

1  pled a cognizable claim upon which his case could proceed.

2  **H.     Motion to Appoint Counsel**

3  Plaintiff requests that this court appoint counsel because he is mentally disabled, only has

4  10th grade education, and lives on a limited fixed income.  [Docket No. 4].  However, there is no

5  constitutional right to counsel in a civil case.  *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25

6  (1981).  28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel

7  represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1). This does not

8  give the courts the power to make "coercive appointments of counsel." *Mallard v. U.S. Dist.*

9  *Court*, 490 U.S. 296, 310 (1989).

10  The Court may ask counsel to represent an indigent litigant under section 1915 only in

11  "exceptional circumstances," the determination of which requires an evaluation of both (1) the

12  likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se

13  in light of the complexity of the legal issues involved. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th

14  Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789

15  F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a

16  decision on a request for counsel under section 1915. *Id.*  Neither the need for discovery, nor the

17  fact that the pro se litigant would be better served with the assistance of counsel, necessarily

18  qualify the issues involved as complex. *Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of

19  discovery was comprehensive and focused and his papers were generally articulate and organized,

20  district court did not abuse discretion in denying request for counsel).

21  There are no exceptional circumstances here requiring the appointment of counsel.  Since it

22  is early in the pleading stage, it is unclear whether there is a likelihood of success on the merits of

23  Plaintiff's claims.  Additionally, Plaintiff's claims do not appear to be particularly complex, and

24  Plaintiff demonstrates that he is able to articulate his claims.  Therefore, the court denies

25  Plaintiff's motion to appoint counsel without prejudice.

26  **III.    CONCLUSION**

27  For the reasons above, the court **grants** Plaintiff's IFP Application and dismisses the

28  Complaint with leave to amend.  **By no later than March 30, 2017,** Plaintiff may file an amended

9

1    complaint that addresses the deficiencies noted in this order.   The court **denies** Plaintiff's motion

2    to appoint counsel.

3

4        **IT IS SO ORDERED.**

5    Dated: March 13, 2017

6



7    DONNA M. RYU
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California