UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS FLAUGHER,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO HOUSING,<br><br>    Defendant. | Case No. 17-cv-00727-DMR<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Douglas Flaugher filed this suit along with an application to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. [Docket Nos. 1, 2, 4]. The court granted Plaintiff's IFP application, and dismissed the complaint with leave to amend to remedy the deficiencies noted in the order. [Docket No. 6]. The court denied the motion to appoint counsel. [Docket No. 6]. The court instructed Plaintiff to file an amended complaint by March 30, 2017. Docket No. 6]. On March 27, 2017, Plaintiff filed a document entitled, "Motion of Discovery 14th Amendment." [Docket No. 9]. Since Plaintiff did not file any other document by March 30, 2017, the court construes Plaintiff's "Motion of Discovery 14th Amendment" as his amended complaint. So construed, the court dismisses the amended complaint with leave to amend for the following reasons.

**I. DISCUSSION**

    **A. Plaintiff's Original Complaint and the Court's Prior Order**

In his original complaint, Plaintiff alleged three claims for violations of the Eighth Amendment against Defendants arising out of their denial of his applications for affordable housing. *See* Compl. at 3-5.

The court dismissed the Eighth Amendment claims without leave to amend because Plaintiff's claims were not based on any acts connected with the criminal process, i.e. arrest, pre-trial detention, or incarceration after a conviction. Order at 5-6. As explained in the court's prior

order, Eighth Amendment claims "generally do not survive outside the criminal context." *Kaplan v. Cal. Pub. Emps' Ret. Sys.*, No. C 98-1246 CRB, 1998 WL 575095, at *7 (N.D. Cal. Sept. 3, 1998), *aff'd*, 221 F.3d 1348 (9th Cir. 2000); *see also Ingraham*, 430 U.S. at 667–68 ("In the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable."); *Belton v. Wheat*, No. C 95-3311 MMC, 1996 WL 40236, at *5 (N.D. Cal. Jan. 22, 1996), *aff'd*, 131 F.3d 145 (9th Cir. 1997) (dismissing pro se plaintiff's Eighth Amendment claim because "he does not allege that the acts he claims constituted 'cruel and unusual punishment' occurred in connection with criminal process--arrest, pre-trial detention, or incarceration following conviction").

The court construed Plaintiff's original complaint as alleging a Plaintiff's 14th Amendment equal protection claim, and dismissed that claim with leave to amend. Order at 6-7. As explained in the court's prior order, "[t]o state a claim under 42 U.S.C. section 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in original) (citation and internal quotation marks omitted). The court found that Plaintiff failed to state a section 1983 equal protection claim in his original complaint because he did not allege that Defendants were state actors, or allege facts showing that he was a member of a protected class or that Defendants acted with an intent or purpose to discriminate against Plaintiff based on his membership in a protected class.

B. **Plaintiff's "Amended" Complaint**

Plaintiff's amended complaint asks this court to "recognize" his 8th and 14th Amendment claims because he is uneducated and cannot afford counsel. However, the amended complaint provides no facts to support either claim.

To the extent that Plaintiff seeks reconsideration of the court's prior order, the court denies the request because Plaintiff does not present any basis for reconsideration. *See* N.D. Civ. L.R. 7-9(b) (explaining the bases for reconsideration). To the extent that Plaintiff re-alleges 8th and 14th Amendment claims based on the facts in the original complaint, the court dismisses both claims for the same reasons stated in the prior order. *See* Order at 5-7.

In conclusion, the court dismisses Plaintiff's 14th Amendment claim, but grants a final opportunity for Plaintiff to amend his complaint to address the deficiencies noted in this order and the court's prior order. In his second amended complaint, Plaintiff may not incorporate by reference any allegations in his prior pleadings; instead, Plaintiff must re-allege all facts upon which he bases his 14th Amendment claim. *See Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 976 (N.D. Cal. 2016) (explaining that "as a general rule, an amended pleading supersedes the original pleading and renders it of no legal effect, unless the amended complaint incorporates by reference portions of the prior pleading") (citation and internal quotation marks omitted).

For the reasons stated in this order and the court's prior order, Plaintiff's 8th Amendment claims remain dismissed without leave to amend. Plaintiff may not re-allege any 8th Amendment claims in his second amended complaint.

## II. CONCLUSION

For the reasons above, the court dismisses the amended complaint with leave to amend to allege a 14th Amendment claim. **By no later than May 5, 2017,** Plaintiff may file a second amended complaint that addresses the deficiencies noted in this order.

**IT IS SO ORDERED.**

Dated: April 17, 2017

_____
DONNA M. RYU
United States Magistrate Judge



3