UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS FLAUGHER,<br>    Plaintiff,<br>    v.<br>SAN FRANCISCO HOUSING,<br>    Defendant. | Case No. 17-cv-00727-DMR<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 12 |

Plaintiff Douglas Flaugher filed this suit along with an application to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. [Docket Nos. 1, 2, 4]. The court granted Plaintiff's IFP application, dismissed the complaint with leave to amend, and denied the motion to appoint counsel. [Docket No. 6]. On April 17, 2017, the court construed Plaintiff's "Motion for Discovery" as a first amended complaint and dismissed the case once again, but granted leave to file a second amended complaint by May 5, 2017. [Docket No. 11]. On May 3, 2017, Plaintiff filed a motion for leave to file an amended complaint. [Docket No. 12]. Since Plaintiff did not file any other document by May 5, 2017, the court construes Plaintiff's motion for leave as his second amended complaint ("SAC"). The court now dismisses the action without prejudice.

**I.    DISCUSSION**

The SAC is very sparse. In order to fully understand Plaintiff's case, the court will consider the allegations in the original complaint to provide context for the allegations in the SAC.

In his original complaint, Plaintiff brought Eighth Amendment claims against various defendants arising out of their denial of his applications for affordable housing. Plaintiff alleged that he is a mentally disabled individual who is and/or was homeless. *See* Compl. at 6. Plaintiff named Community Housing Partnership as a defendant. It is an organization that provides affordable housing to homeless individuals and is based in San Francisco, California. Plaintiff

also named four DOE defendants whom Plaintiff describes as individuals who either worked at the Community Housing Partnership, or are "leaders or representatives" of unnamed organizations that provide affordable housing to homeless and/or mentally disabled individuals in San Francisco. *See* Compl. at 4-5. Plaintiff alleged that the Doe Defendants abandoned and denied his applications for affordable housing for prejudicial and discriminatory reasons, and that the Doe Defendants kept him homeless by approving drug addicts, alcoholics, and undocumented immigrants for affordable housing instead of Plaintiff. *See* Compl. at 4-5.

The court dismissed the Eighth Amendment claims in the original complaint with prejudice, but gave Plaintiff an opportunity to amend his complaint to plead allegations showing that the defendants were state actors under 42 U.S.C. § 1983, and that he was subjected to discriminatory conduct in violation of the Fourteenth Amendment and the Fair Housing Act. *See* Docket No. 6.

In the SAC, Plaintiff requests that this court "recognize" his claims against the Doe Defendants and alleges that the Doe Defendants (1) abandoned his housing applications with deceit, lies and contempt; and (2) approved affordable housing applications for drug addicts, alcoholics, and illegal immigrants with taxpayer money. Given Plaintiff's prior pleadings, the court assumes that the Doe Defendants described in the second amended complaint are the same Doe Defendants described in the original complaint.

The allegations in the SAC are essentially the same as those raised in the original complaint, with the exception of new allegations asserting deceit, lies and contempt. *Compare* Compl. at 4-5 [Docket No. 1] (alleging that the Doe Defendants kept Plaintiff homeless by approving drug addicts, alcoholics, and undocumented immigrants for affordable housing instead of Plaintiff) *with* SAC at 1 (Doe Defendants "abandoned applications for housing opportunities with "deceit, lies [and] contempt," and instead provided housing for addicts and alcoholics using taxpayer dollars).

The SAC continues to fail to state a claim for the reasons that the court has previously provided. As explained in the court's March 13, 2017 order dismissing his original complaint, private individuals are generally not liable under 42 U.S.C. § 1983 for "merely private conduct."

*I.H. by & through Hunter v. Oakland Sch. for the Arts*, No. 16-CV-05500-SI, 2017 WL 565069, at *3 (N.D. Cal. Feb. 13, 2017) (explaining that "[g]enerally, private individuals and entities cannot be held liable under section 1983, because this section 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful'") (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted)). Thus, the Doe Defendants are not liable under section 1983 simply for denying Plaintiff's affordable housing applications. However, private individuals can "be liable under section 1983 if [they] conspired or entered joint action with a state actor." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). Here, Plaintiff has not provided any facts showing that the Doe Defendants either conspired or entered into joint action with a state actor. Nor can the court glean the existence of any such facts even considering Plaintiff's prior documents. Therefore, the court dismisses Plaintiff's second amended complaint for failure to state a claim.

Despite having been given two opportunities to amend his complaint to plead a federal claim, *see* Docket Nos. 6 and 11, it does not appear that Plaintiff can plead a federal claim establishing this court's subject matter jurisdiction, even liberally construing Plaintiff's allegations. *See Clarkes v. Hughes*, No. 17-CV-00961 (JMA)(AYS), 2017 WL 1843108, at *3 (E.D.N.Y. May 5, 2017) ("Although courts hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers . . . pro se litigants must establish subject matter jurisdiction.") (citation and internal quotation marks omitted). Therefore, the court dismisses Plaintiff's action without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (explaining a district court may deny leave to amend if "the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies").

The court issues no opinion on whether Plaintiff could bring a state law claim for fraud in state superior court based on the new allegations of deceit, lies, and contempt in the SAC. *See, e.g., Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990, 102 P.3d 268, 274 (2004) (setting forth the elements of fraud claim under California law as "(1) a misrepresentation (false

representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage").

## II. CONCLUSION

In sum, the court dismisses Plaintiff's action without prejudice. The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: May 31, 2017



Donna M. Ryu
United States Magistrate Judge

4